UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MICHAEL LEADER,

    Plaintiff,

v.                             Case No.:

DANIA BEACH QUARTERDECK, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, MICHAEL LEADER, sues Defendant, DANIA BEACH QUARTERDECK, LLC, alleging that Defendant failed to provide required notices of his right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

2. Plaintiff, MICHAEL LEADER ("Plaintiff"), brings this action against Defendant, DANIA BEACH QUARTERDECK, LLC ("Defendant"), for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

3. Defendant, the plan sponsor of the Health Plan ("Plan"), has violated ERISA by failing to provide Plaintiff, a participant and beneficiary in the Plan, with adequate notice, as prescribed by COBRA, of his right to continue his health coverage upon the occurrence of a "qualifying event" as defined by the statute. As a result of these violations, which threaten Plaintiff's ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the statutory violations at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

6. Plaintiff is a Florida resident and former employee of Defendant who was a covered employee and participant in the Plan the day before the termination of his employment on June 12, 2019, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

7. Defendant operates a restaurant with its headquarters in Dania Beach, FL and employed more than 20 employees who were members of the Plan in each year from 2014 to 2019. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

*COBRA Notice Requirements*

8. The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

9. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event ... to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

10. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

11. The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

12. Section 2590.606-4(b)(1), states:

> Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event ..., the administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

13. Section 2590.606-4(b)(4), in turn, provides as follows:

> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> > (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;
> >
> > (ii) Identification of the qualifying event;

(iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

4

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

14. In the event that a plan administrator fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

### *Defendant Failed to Provide a Compliant COBRA Notice to Plaintiff*

15. Defendant, to date, has failed to provide Plaintiff with any written notice as required by COBRA.

16. Plaintiff was employed as a waiter/servicer from September 2016 to June 2019.

17. Plaintiff experienced a qualifying event (termination) on June 12, 2019. Importantly, for purposes of COBRA, Plaintiff was not terminated for gross misconduct.

18. Following this qualifying event, Defendant failed to mail Plaintiff a COBRA Notice as is required by statute.

19. Plaintiff has incurred continuing medical costs since his termination.

### **CLAIM I FOR RELIEF**

### *Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

20. Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

21. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

22. Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

23. Plaintiff experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that he had experienced such a qualifying event.

24. Defendant failed to send Plaintiff a COBRA notice following his experience of a qualifying event.

25. These violations were material and willful.

26. Defendant knew that its failure to send a COBRA notice to Plaintiff was a violation of COBRA and ERISA and showed a reckless disregard of the rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to requiring Defendant to send a corrective notice;

b. Awarding statutory penalties to Plaintiff pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each day Plaintiff was not sent a COBRA notice by Defendant within the required statutory period;

c. Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

d. Granting such other and further relief, in law or equity, as this Court deems appropriate;

## JURY TRIAL

27. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 29th day of January, 2020.

                Respectfully submitted,

                */s/ Christopher J. Saba*

                **CHRISTOPHER J. SABA**
                Florida Bar Number: 0092016
                **WENZEL FENTON CABASSA, P.A.**
                1110 North Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: 813-321-4086
                Facsimile: 813-229-8712
                Email: csaba@wfclaw.com
                Email: tsoriano@wfclaw.com
                **Attorneys for Plaintiff**